Ted DONLEY, Jr. and Vanessa Donley,
Plaintiffs–Appellants,

v.

STATE of Colorado, Defendant–
Appellee.

No. 90CA1430.

Colorado Court of Appeals,
Div. II.

Aug. 15, 1991.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).

Richard R. Macrorie, Pueblo, for plaintiffs-appellants.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Gregg E. Kay, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiffs, Ted Donley, Jr., and his daughter, Vanessa Donley, appeal from the judgment entered on a jury verdict against them and in favor of defendant, State of Colorado. Because we conclude that the trial court erred in determining the question whether a witness was more than 100 miles from the place of trial, so as to authorize the use of his pre-trial deposition in lieu of his testimony, we reverse and remand for a new trial.

Both plaintiffs received severe electrical shocks when they grasped an iron railing attached to an announcer's stand during the course of a dairy cattle show at the Colorado State Fair. They instituted suit against defendant, claiming that their injuries resulted from acts or omissions of defendant's agents, servants, and employees. Their complaint contained no claim based upon a landowner's liability under § 13–21–115, C.R.S. (1987 Repl.Vol. 6A).

Defendant denied that plaintiffs' injuries resulted from any negligence. In addition, it affirmatively asserted that, if their injuries resulted from the negligence of anyone, such acts or omissions were those of an independent third-party contractor for which defendant was not liable.

## I.

Defendant took the deposition of a witness who had experienced an electrical shock from the railing earlier on the day that plaintiffs received their injuries. In this deposition, the witness testified that he was a college student and that he would be returning to Tacoma, Washington, to complete his last year of college in January or February 1990.

In its initial disclosure statement, filed before his deposition was taken, defendant named this person as one of its witnesses. Later, in its supplemental disclosure statement, defendant listed as possible exhibits to be offered at trial all depositions of all witnesses. In plaintiffs' disclosure statement, plaintiffs also designated this person as a witness and designated among those exhibits that they might offer "any exhibit endorsed by Defendant."

At the time of trial in May 1990, plaintiff offered this witness' deposition as an exhibit under C.R.C.P. 32(a)(3), asserting that he was at that time more than 100 miles from the place of trial. When the defendant objected to the admission of this deposition because there was no "evidence" of his whereabouts, the court ruled that some "evidence" was required to be produced before the deposition would be admitted.

However, when one of plaintiffs attempted to testify as to the information supplied by the witness' father, such evidence was held by the court to be inadmissible because it was hearsay. As a result, the court ruled that, because plaintiffs did not produce any other "admissible evidence" as to the witness' present whereabouts, the deposition could not be used. We conclude that, in so ruling, the court erred.

C.R.C.P. 32(a)(3) authorizes the use of a deposition as substantive evidence at the time of trial, if the courts "finds" that the witness is more than 100 miles from the place of trial. Such a "finding," however, need not be based upon information

that would be competent and admissible under the rules of evidence.

CRE 104(a) provides that:

"[P]reliminary questions concerning ... the admissibility of evidence shall be determined by the court ... In making its determination it is *not* bound by rules of evidence except those with respect to privileges." (emphasis supplied)

Likewise, CRE 1101(d)(1) emphasizes that the rules of evidence are *inapplicable* "to determinations of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104." The advisory committee's notes to Fed.R.Evid. 104(a), which is identical to the comparable state rule and is the source of the state rule's adoption, gives as an example of one of the "preliminary questions" referred to by that rule as the issue whether a witness whose former testimony is being offered is unavailable.

█ At least with respect to the admission of deposition testimony, CRE 104(a) appears to be merely declarative of prior law. Before the adoption of the federal rules of evidence, several courts had ruled that it was unnecessary for the proponent of a deposition to prove by competent evidence that the witness was more than 100 miles from the place of trial in order to authorize its admission, so long as the trial court was satisfied, from whatever sources the court desired to consult, that the witness was, in fact, the requisite distance from the place of trial. Thus, it is proper for the court to consult the contents of the deposition itself to obtain such information. *Ikerd v. Lapworth*, 435 F.2d 197 (7th Cir.1970) (absent a challenge by the opponent to the veracity of the deponent's statement, testimony of the deponent is sufficient, on its face, to provide basis for deposition's admission). Indeed, absent a good faith challenge to its accuracy, a mere representation by counsel is sufficient to provide the basis for a deposition's admission. *See Castilleja v. Southern Pacific Co.*, 445 F.2d 183 (5th Cir.1971).

*Campbell v. Graham*, 144 Colo. 532, 357 P.2d 366 (1960) also exemplifies this pre-rule principle. The court held that a trial court did not abuse its discretion in admitting a deposition as proper substantive evidence based solely upon counsel's representation as to the witness' whereabouts. And, it further ruled that, in making the finding called for by the prior rule 321, the "amount and kind of evidence to establish the absence of the witness ... is a question for the determination of the trial court."

█ Here, then, the deponent's deposition testimony was sufficient, on its face, to establish his whereabouts. In addition, however, plaintiffs offered hearsay statements made by the witness' parents upon the subject, and CRE 104(a) authorizes the court to consider such statements. Finally, in endorsing this witness in its disclosure statement, the defendant itself listed his residence as being in Tacoma, Washington.

The trial court, however, did not consider this information, weigh it, and conclude that it was unconvincing. Rather, the record demonstrates that the trial court refused to consider it because it was of the opinion that its finding under C.R.C.P. 32(a)(3) was required to be based upon competent evidence that was admissible under the rules of evidence and that the information relied upon by plaintiffs did not meet this criterion.

Hence, we need not decide whether, since defendant failed to controvert plaintiffs' assertion as to the witness' whereabouts, but argued only that there was no competent evidence upon the issue, the showing made by plaintiffs required the court, as a matter of law, to admit the deposition. We conclude only that the court erred in refusing to admit the deposition because of what it considered to be a lack of admissible evidence upon the question.

█ We also conclude that the court's refusal to admit this deposition was prejudicial to plaintiffs' case. It contained the only direct evidence that the announcer had prior notice that the railing was improperly conducting electricity so that persons could receive electrical shocks by touching it.

The special verdict returned by the jury found that the defendant was not negligent. However, it is impossible from this

record to determine whether that verdict was based upon the jury's finding that the announcer was unaware of the defect in the railing or upon a finding that the announcer was not defendant's employee. Hence, we cannot say that admission of this deposition would not have changed the result.

## II.

 After reviewing the evidence presented, we are satisfied that the issue whether the announcer was an employee of defendant's or an independent contractor constituted a legitimate question for the jury. The giving of instructions upon this issue was not inconsistent with the trial court's earlier denial of defendant's motion to dismiss at the end of plaintiffs' case; all that the court had previously determined was that the evidence was sufficient to allow the jury to find that the announcer was an employee; it did not decide, as a matter of law, that he was.

Hence, the court committed no instructional error in this respect.

## III.

We decline to address the question whether the trial court committed instructional error in refusing to give one of plaintiffs' tendered instructions. That tendered instruction was not made a part of the record for our review, and thus, we have no basis to review that instruction.

The judgment of the trial court is reversed, and the cause is remanded to that court for a new trial.

SMITH and REED, JJ., concur.